UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LINDSEY JOY GILLIAN HANSON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 03-3401** |
| **STEPHANIE ANN LAMAR, ET AL** | * | **SECTION "L"(5)** |

ORDER & REASONS

Before the Court is the Plaintiff Lindsey Joy Gillian Hanson's Motion for Reconsideration of Denial of Motion for Writ of Execution and For Sanctions (Rec. Doc. No. 87) (the "Motion").  For the following reasons the Motion is DENIED.

I.      **Factual and Procedural Background**

Plaintiff filed a lawsuit in the Civil District Court for the Parish of Orleans seeking damages as a result of an automobile accident.  State Farm Automobile Insurance Company, the Plaintiff's uninsured motorist insurer, removed the case to this Court in 2003.  On August 4, 2004, the Plaintiff filed her First Amended Complaint adding the City of New Orleans (the "City") as a defendant (Rec. Doc. No. 20).  The Plaintiff alleged that the City was negligent in failing to provide and/or maintain adequate streets and sidewalks in the area in which the accident occurred and/or failing to provide and/or maintain adequate drainage of the streets and sidewalks.

The City and the Plaintiff reached an agreement to settle the Plaintiff's claim in early 2005.  On March 17, 2005, the Plaintiff filed a motion to enforce the settlement and for

attorneys' fees and costs (Rec. Doc. No. 64).  In that motion, the Plaintiff stated that she had been informed by an attorney for the City that the Plaintiff's settlement check had been issued, but he was instructed not to disburse the funds.  Rather, the City, informed the Plaintiff that her settlement amounts were to be placed in line for payment in accordance with the City's policy with respect to the payment of settlements and judgments in state court actions.  Following a hearing on the Plaintiff's motion to enforce the settlement, the Court reduced the settlement agreement to judgment and ordered the City to pay to the Plaintiff the sum of $5,000 with interest from January 21, 2005.

Plaintiff moved for a Writ of Execution (Fieri Facias) seeking to seize the City of New Orleans' assets in order to satisfy the judgment.  The Court denied the Plaintiff's motion on the basis that the Court could not order the seizure of the City's property under the relevant provisions of the Louisiana Constitution and Revised Statutes (Rec. Doc. No. 86).

As stated in the Order and Reasons denying the Plaintiff's motion, the Court recognizes and sympathizes with the Plaintiff's plight in getting her judgment against the City satisfied and recognizes this is indeed an unfortunate and unfair situation that calls for some appropriate remedy.  The remedy, however, was one that the Court could not fashion, but must come from the legislature.

**II.     The Motion**

Plaintiffs filed a motion for reconsideration of the Court's order and requesting sanctions. With respect to her motion for reconsideration, Plaintiff argues that funds have been appropriated for the Plaintiff in that a check has been cut.  Further, with respect to whether the City has waived its ability to rely on Louisiana's anti-seizure provisions, the Plaintiff requests

that she be able to take discovery on these issues.  With respect to Plaintiffs' request for sanctions, Plaintiff argues that even if the City's legal position has some validity, the City's attorneys were required to disclose this during settlement negotiations, and not doing so is sanctionable.  The City did not file an opposition to the Motion.

The Plaintiff requested oral argument on the Motion (Rec. Doc. No. 88).  The Motion was noticed for hearing on August 15, 2007 at 9:00 a.m.  Pursuant to Local Rule 78.1E, "[a]ny party desiring oral argument must file ... a separate written request for oral argument.  Oral argument will be permitted in such cases without further order of the Court, unless the Court advises the parties, as soon as practicable, that oral argument is not necessary."  Thus, oral argument was scheduled for the Motion on August 15, 2007 at 9:00 a.m.  Plaintiff's counsel failed to appear at the oral argument he requested.  Counsel for the City failed to appear as well.

**III.    Law and Analysis**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration," and such motions are treated as either a motion to alter or amend judgment under Rule 59(e) or a motion from relief from judgment or order under Rule 60(b).  *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).  Under Rule 59(e), a court may reopen a case that has gone to final judgment if a party demonstrates a manifest error of law or fact or newly discovered evidence.  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  The motion should be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id.* at 478-79.  Granting a motion for reconsideration is an "extraordinary remedy."  *Port Sulfur Baptist Church v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-8724, 2007 WL 519271, *1 (E.D. La. Feb. 14, 2007)

(*citing Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, No. 04-30142, 2004 WL 2554847, *4 (5th Cir. Nov. 11, 2004)).  Under Rule 60(b), a party may seek relief of judgment for any reason justifying such relief, including the Rule's enumerated reasons like mistake and excusable neglect.  Fed. R. Civ. P. 60(b).  In particular, when evaluating a Rule 60(b) motion, the Court should balance the need for finality of judgment against the need to render just decisions, based upon the operable facts.  *Bohlin*, 6 F.3d at 356.

Upon review of the Plaintiffs' brief and the applicable case law, it appears that the proper procedural vehicle in this case is Rule 59(e).  *Days v. Johnson*, 322 F.3d 863, 856 n.3 (5th Cir. 2003) ("[A]ny motion seeking reconsideration of a district court's judgment within ten days of its entry is considered a Rule 59(e) motion to alter or amend the judgment.").

With respect to Plaintiff's motion for reconsideration, the Plaintiff simply rehashes some of the same arguments that were presented in her motion for a writ of execution.  A Rule 59(e) motion should be used sparingly, and the motion is not a proper vehicle for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Accordingly, the Plaintiff's motion for reconsideration is denied.

The Plaintiff does not cite to any statute, Rule or other legal authority for the imposition of sanctions against the City's attorneys.  In *City of New Orleans v. Municipal Administrative Services, Inc.*, Municipal Administrative Services, Inc. ("MAS") moved to impose contempt sanctions against the City based on its failure to comply with the court's judgment awarding MAS $323,518.00.  2004 WL 2496202 at *1.  The case arose out of a contract dispute between

MAS and the City which was originally filed in state court and removed to federal court based on diversity jurisdiction. *Id.* After a discussion of Fed. R. Civ. P. 69(a), Article 10, section 10(C) of the Louisiana Constitution, the court concluded that "issuing an order of contempt and imposing sanctions on the City in order to coerce payment of this Court's judgment is inappropriate because such an order would conflict with Louisiana practice and procedure." *Id.* at *4. It appears that the Plaintiffs here are trying to achieve the same result as MAS, and accordingly, her request for sanctions will be denied.

**IV.   Conclusion**

Accordingly, the Plaintiff's Motion for Reconsideration of Denial of Motion for Writ of Execution (Fieri Facias) and For Sanctions is DENIED.

New Orleans, Louisiana, this 20th day of August, 2007.

*Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE